**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**DETROIT CARPENTERS**
**FRINGE BENEFIT FUNDS,**
**TRUSTEES OF,**
        **Plaintiffs,**        **CIVIL ACTION NO. 07-CV-11771**

  **VS.**                   **DISTRICT JUDGE PAUL D. BORMAN**

**CIMARRON SERVICES, INC,**
        **et al.,**          **MAGISTRATE JUDGE MONA K. MAJZOUB**

        **Defendants.**

_____/

## OPINION AND ORDER GRANTING PLAINTIFFS' MOTION
## TO COMPEL DISCOVERY (DOCKET NO. 7)

This matter comes before the Court on Plaintiffs' Motion to Compel Discovery filed on September 26, 2007. (Docket no. 7). Defendants filed a Response to Motion to Compel Discovery on October 15, 2007. (Docket no. 11). This Motion was referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 8). The Court disposes with oral argument on this Motion. E.D. Mich. LR 7.1(e). (Docket no. 10).

Plaintiffs are a voluntary association of representatives and agents of several carpenters' funds. Defendant Cimarron Services, Inc. is involved in the commercial construction industry. Defendants Randy M. Merrill, James L. Merrill, Judy A. Merrill and Jaime-Ann Merrill are officers, owners and/or individuals involved with Defendant Cimarron Services, Inc. Plaintiffs allege that Defendant Cimarron entered into one or more collective bargaining agreements with the Union, under which it was obligated to make periodic contributions to the funds represented by Plaintiffs. Plaintiffs allege that Defendants did not make the contributions as required.

The parties agree that on July 30, 2007 Plaintiffs served Interrogatories and a Request for Production of Documents on Defendants. (Docket nos. 7 ¶ 2, 11 ¶ 2). Defendants did not answer, object or otherwise respond to Plaintiffs' discovery requests. (Docket no. 7 ¶ 3). Defendants "deny that substantial documentation has not been previously provided to the Plaintiffs." (Docket no. 11 ¶ 3). Defendants allege that documents were provided in connection with a related case and they believe these documents were shared with Plaintiffs. (Docket no. 11 ¶ 3). Plaintiffs attempted to seek concurrence of Defendants in this motion and were not able to obtain it. (Docket no. 7 ¶ 4).

Fed. R. Civ. P. 26(b) allows for discovery of information that is relevant and not privileged. Under Fed. R. Civ. P. 37(a)(2)(B), the Court can compel discovery if a party fails to answer an interrogatory submitted under Rule 33 or fails to properly respond to a request submitted under Rule 34. Plaintiffs served nine Requests for Production of Documents and six Interrogatories on Defendants.

Defendants failed to respond or object to the Requests to Produce and Interrogatories, and Defendants do not allege that the Requests to Produce or Interrogatories seek privileged information. The Court will order Defendants to produce documents responsive to Plaintiffs' Requests to Produce and answer the Interrogatories as set forth below.

Plaintiffs also request an award of the attorney fees which they incurred to bring this motion.

Fed. R. Civ. P. 37(a)(4) provides that:

> If the motion [to compel] is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good

2

faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Defendants did not serve responses, answers or objections to Plaintiffs' discovery requests, thus necessitating this Motion. The Court will grant Plaintiffs' Motion as to the request for reasonable expenses including attorneys fees incurred in bringing the Motion.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Compel Discovery to Defendants (docket no. 7) is **GRANTED** and on or before February 29, 2008 Defendants will produce documents responsive to Plaintiffs' Request for Production of Documents and answer fully and completely Plaintiffs' Interrogatories.

**IT IS FURTHER ORDERED** that Plaintiffs' Request for attorneys fees and costs associated with bringing the Motion is **GRANTED** and Plaintiffs will provide to the Court on or before February 22, 2008 their bill of costs for reasonable expenses including attorneys fees incurred in bringing this Motion.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: February 19, 2008     s/ Mona K. Majzoub
                             MONA K. MAJZOUB
                             UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

      I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: February 19, 2008                    s/ Lisa C. Bartlett
                                                    Courtroom Deputy


**PROOF OF SERVICE**

      I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: February __, 2008

                                                    Courtroom Deputy